UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALLSTATE INSURANCE COMPANY et al.,                          :
                                          Petitioners,      :
                                                            :  20 Misc. 430 (LGS)
                    -against-                               :
                                                            :  <u>ORDER</u>
LAW OFFICE OF BENJAMIN M. PINZCEWSI,                        :
                                          Respondent.       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, Petitioners, plaintiffs in the underlying litigation *Allstate Ins. Co. et al. v. Svetlana Khotenok et al.*, No. 18 Civ. 5650 (E.D.N.Y.) (the "Action"), move to (1) compel Respondent to produce documents in response to Petitioners' subpoenas dated August 6, 2019, and January 7, 2020 (the "Subpoenas"), or (2) for transfer of the instant motion to the Eastern District of New York, the court that issued the Subpoenas. The motion was fully briefed on January 8, 2021. Petitioner opposes the motion, claiming it has already complied with the Subpoenas. Petitioner does not oppose transfer to the Eastern District of New York.

     WHEREAS, the Action concerns an alleged scheme by which funds were stolen from Petitioners by submission of fraudulent no-fault insurance claims and laundered through medical professional corporations. Petitioners contend that some of those fraudulent payments were funneled through Respondent, who allegedly acted as no-fault collection counsel and represented the defendants in arbitrations and lawsuits regarding the fraudulent claims. The Subpoenas seek bank records and information regarding receipt, retention and distribution of those funds.

     WHEREAS, pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance [with a subpoena] is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court

finds exceptional circumstances." Fed. R. Civ. P. 45(f).  "[I]t is within the discretion of th[e] [c]ourt, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion."  *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130, 2019 WL 4879333, at *1 (S.D.N.Y. Oct. 3, 2019).  In making that determination, the Court must consider the subpoenaed party's interest in local resolution of subpoena related motions, while being mindful that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  Fed. R. Civ. P. 45 Advisory Committee Notes on 2013 Amendment.

      WHEREAS, four substantially similar motions to compel third-party compliance with subpoenas in the Action have been transferred from this district to the Eastern District of New York.  *See Allstate Ins. Co. v. Ahmed Medical Care, P.C.*, No. 20 Misc. 345, ECF No. 8 (S.D.N.Y. Nov. 10, 2020); *Allstate Ins. Co. et al. v. S. Rozenberg & Assoc. Ltd.*, No. 20 Misc. 288, ECF No. 10 (S.D.N.Y. Sept. 18, 2020); *Allstate Ins. Co. et al. v. The Rybak Firm, PLLC*, 20 Misc. 262, ECF No. 15 (S.D.N.Y. Aug. 24, 2020); *Allstate Ins. Co., et al v. 2753 Coney Island Avenue Corp.*, 20 Misc. 231, ECF No. 10 (S.D.N.Y. Jul. 16, 2020).  The Action has been pending before Judge Reyes in the Eastern District since its inception in October 2018, and Judge Reyes has resolved motions to compel, conducted conferences with the parties and issued discovery orders.  *See Google LLC v. Fortress Inv. Grp. LLC*, No. 20 Misc. 132, 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (approving transfer to district of judge familiar with underlying litigation).  Respondent is located within the Eastern District, at 2753 Coney Island Avenue in Brooklyn, New York.  Accordingly, it is hereby

**ORDERED** that Petitioners' unopposed motion to transfer this action to the Eastern District of New York is **granted**.  The issuing court has greater familiarity with the legitimate scope of the subpoena, and the Eastern District of New York appears to be a more convenient forum for Respondent.  Accordingly, there is no reason why this action should remain in this district, and there are "exceptional circumstances" warranting such a transfer.  Fed. R. Civ. P. 45(f).  It is further

**ORDERED** that Petitioners' motion to seal Exhibit 1 to its Reply Declaration in Support of Motion to Compel (Dkt. No. 18) is **granted**.  The exhibit shall be filed in redacted form and under seal.

The Clerk of Court is respectfully directed close the docket entries at 1 and 18, and to effect the transfer immediately, without waiting the seven-day period pursuant to Local Civil Rule 83.1.

Dated:  January 14, 2021
          New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**